UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM CUCUTA,

(In the space above enter the full name(s) of the plaintiff(s).)

-against-

NEW YORK CITY, MANHATTAN NORTH NARCOTICS DETECTIVES ERICK ORTIZ, ABEL JOSEPH, CARPENTER, LIAM McLAUGHLIN, SERGEANT NEFTALI BETANCES, LIEUTENANT ANTHONY RONDA, CAPTAIN KEVIN BADDAY, RYAN P. POSCABIO, JESSICA ORTIZ, POLICE OFFICER WINSTON TAVIS, AGUASANTE, JOHN DOES 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED ADDED  10-22-13

SECOND AMENDED COMPLAINT

13 CIV. 558 (PAC) (AJP)

Jury Trial: ☒ Yes  ☐ No
(check one)

I. Parties in this complaint:

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  ABRAHAM CUCUTA, REG. NO. 64974-054
            Street Address  P.O. BOX 350
            County, City  RALEIGH, BEAVER
            State & Zip C  WEST VIRGINIA 25813
            Telephone Number

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Rev. 05/2010

Defendants ~~No. 1~~   Name NEW YORK CITY, ERICK ORTIZ, ABEL JOSEPH, CARPENTER LIAM MCLAUGHLIN, NEFTALI BETANCES, LT ANTHONY RHONDA CAPT. KEVIN RADDAY, RYAN P. POSLABLO, JESSICA ORTIZ, Police Officer WINSTON TAVIS, AGUASANTE, JOHN DOES 1-5 INDIVIDUALLY AND IN THERE OFFICIAL CAPACITY

Street Address 1 POLICE PLAZA.
County, City NEW YORK, NEW YORK
State & Zip Code NEW YORK 10038
Telephone Number _____

Defendant No. 2   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

Defendant No. 3   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

Defendant No. 4   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

II.   **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions      ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? SEARCH AND SEIZURE, DUE PROCESS, EQUAL PROTECTION

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

Rev. 05/2010

2

III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? 1952 SECOND AVENUE, APARTMENT 301, NEW YORK, NEW YORK 10029

B. What date and approximate time did the events giving rise to your claim(s) occur? APRIL 13TH, 2011, AT 12:30 PM.

C. Facts: SEE ATTACHED PAGES 4 AND 5.

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Rev. 05/2010

3

III. C. FACTS: 1) Tamika Taylor is plaintiff's girlfriend, she resides with her family at 1952 Second Avenue, Apartment #301, New York, New York 10029.

2) Plaintiff kept some personal items such as clothing, shoes, and other things, at his girlfriend's home and would sometimes sleep over.

3) It was understood that no-one would tamper with plaintiff's belongings unless granted permission by plaintiff or his girlfriend, giving plaintiff an expectation of privacy in the home.

4) On April 13th, 2011, at approximately 12:30 pm, plaintiff's girlfriend was home with her brother Andre Montgomery, family friend Adam Hogan, and her three year old son (all occupants).

5) New York City Police Department Manhattan North Narcotics Detectives Erick Ortiz, Liam McLaughlin, Abel Joseph, Sergeant Neftali Betances, Carpenter, Lieutenant Anthony Ronda, Captain Kevin Radday, Police Officer Winston Favis, Aguasante, and John Does 1-5, after illegally pinging plaintiff's cell phone knocked on plaintiff's girlfriend's door, confirmed that Ms Taylor was plaintiff's girlfriend, informed her that plaintiff had just been arrested, and Defendant Ronda lied that they wanted to give her his property as a ruse so that she would open the door.

6) In response, Ms Taylor opened the door to step out into the hallway, however, Defendants Ronda and Radday stepped passed her and entered the apartment, followed by the other defendants.

7) The defendants did not request permission to enter and none was given.

8) Once inside, Defendant Ronda stated they had information that there was a rifle in the apartment, froze the apartment, falsely claimed they were getting a search warrant, and did not allow the occupants to go anywhere.

9) All defendants then refused to comply with Mr Montgomery's requests to wait outside in the hallway if they did not presently have a search warrant and forced all the occupants to stay put and not leave the apartment.

10) Defendant Ronda took Ms Taylor's phone and informed her that [redacted]

SHE COULD NOT MAKE ANY CALLS.

11) AS MS TAYLOR ATTEMPTED TO TEND TO HER SON IN A BEDROOM DEFENDANT RADDAY RESTRAINED AND HANDCUFFED HER AND HER BROTHER.

12) ALL DEFENDANTS THEN BEGAN SEARCHING HER AND HER BROTHER'S BEDROOMS.

13) DEFENDANT ORTIZ THEN ENTERED MR HOGAN'S ROOM, PULLED HIS COVERS OFF HIM (HE WAS IN BED) AND HANDCUFFED HIM.

14) ALL OCCUPANTS WERE THEN REMOVED FROM THE APARTMENT AND HELD IN THE HALLWAY.

15) WHILE IN THE HALLWAY DRAWERS AND DOORS COULD BE HEARD BEING OPENED AND CLOSED AS ALL THE DEFENDANTS ILLEGALLY SEARCHED THE PREMISES.

16) PERMISSION FOR THE WARRANTLESS SEARCH WAS NEVER GIVEN BY ANYBODY.

17) PRIOR TO THE SEARCH THERE WAS A TACTICAL PLAN MEETING BY THE NAMED DEFENDANTS WITH DEFENDANT POSCABLO WHERE AN AGREEMENT WAS HAD THAT IF PLAINTIFFS RESIDENCE HAD BEEN DETERMINED THE APARTMENT WOULD BE SECURED AND SEARCHED.

18) IT IS PART OF THE POLICY, CUSTOM, AND PRACTICE OF THE CITY OF NEW YORK FOR THE ABOVE NAMED DEFENDANTS AS PART OF THEIR TACTICAL PLANS WHEN THEY GO OVER A CASE TAKEDOWN IF A PREMISES IS SECURED OF SUBJECTS - TO SPEAK TO DEFENDANT POSCABLO TO SEARCH FOR FIREARMS AND CONTRABAND EVIDENCE.

19) THERE WAS NO ARREST WARRANT FOR ANY OF THE OCCUPANTS.

20) DEFENDANTS JOSEPH AND POSCABLO THEN TRIED TO COVER-UP THE ILLEGAL SEARCH AND SEIZURE BY SECURING A WARRANT WITH SWORN TO FALSITIES BY DEFENDANT JOSEPH APPROXIMATELY FIVE HOURS AFTER THE ILLEGAL SEARCH AND SEIZURE.

21) THE SECURED WARRANT WAS NEVER ACTED ON, SINCE THE SEARCH AND SEIZURE HAD ALREADY ACCRUED EARLIER.

**V.   Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. $1,000,000 IN NOMINAL, MONETARY, COMPENSATORY, AND PUNITIVE DAMAGES

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22 day of OCTOBER, 2013

Signature of Plaintiff   Abraham Cueto

Mailing Address   REG. NO. 64974-054
                  F.C.I. BECKLEY
                  P.O. BOX 350, BEAVER WV 25813

Telephone Number

Fax Number *(if you have one)*

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this 22 day of OCTOBER, 2013 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   Abraham Cueto

Inmate Number   64974-054

Rev. 05/2010


ABRAHAM CUCUTA- 61974-054
F.C.I BECKLEY
Federal Correctional Institution
P.O. Box 350
BEAVER, WV 25813

64974-054
Pro Se Usdc Sdny
500 Pearl ST, Room 230
NEW YORK, NY 10007
United States