UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ABRAHAM CUCUTA,                              :

               Plaintiff,                :          13 Civ. 0558 (AJP)

         -against-                       :          **OPINION & ORDER**

CITY OF NEW YORK, et al.,                    :

            Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Plaintiff Abraham Cucuta filed an application to proceed in forma pauperis ("IFP"), which Chief Judge Preska granted on October 15, 2013.  (Dkt. No. 1: Request to Proceed In Forma Pauperis; Dkt. No. 20: Order Granting IFP Application.)  On May 9, 2014, this Court granted the defendants' summary judgment motion and dismissed this lawsuit.  (See Dkt. No. 80: Opinion & Order.)  On June 19, 2014, pursuant to Fed. R. Civ. P. 54(d), the Clerk of Court entered a Bill of Costs in favor of defendants totaling $1,094.88, $983.20 of which was attributable to deposition transcripts.  (Dkt. No. 82: Bill of Costs.)  On June 24, 2014, Cucuta filed a letter arguing that his IFP status relieves him of responsibility for the costs identified in the Bill of Costs.  (Dkt. No. 83: 6/24/14 Cucuta Letter.)

        Contrary to Cucuta's assertion, the IFP statute and caselaw make clear that Cucuta's in forma pauperis status does not automatically excuse him from paying costs.  28 U.S.C. § 1915(f)(2)(A) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."); see, e.g., D'Attore v. City of N.Y., 10 Civ. 6646, 2014 WL 173482 at *2 (S.D.N.Y. Jan. 8, 2014) ("28 U.S.C.

2

§ 1915(f) expressly permits costs to be taxed against indigent prisoners . . . ."); McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 97 Civ. 5857, 2003 WL 22910079 at *1 (S.D.N.Y. Dec. 9, 2003) ("[C]osts may be awarded against a losing party even if that party would have difficulty in paying the judgment and even if the party appeared in forma pauperis."); Martin v. Ashcroft, 96 Civ. 7646, 2002 WL 31119434 at *1 (S.D.N.Y. Sept. 24, 2002) (same).

Nevertheless, in the interest of justice and in this Court's discretion, Cucuta's apparent indigency warrants a reduction in the award of costs. See, e.g., D'Attore v. City of N.Y., 2014 WL 173482 at *2. Accordingly, this Court reduces the award of costs from $1,094.88 to $750.00.

SO ORDERED.

Dated:     New York, New York
           July 3, 2014


_____
**Andrew J. Peck**
United States Magistrate Judge


Copies to:     Counsel (ECF)
               Cucuta (Mail)